IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>[1] JORGE PARIS-LÓPEZ | Criminal No. 98-189 (____) |

RESPONSE IN OPPOSITION TO MOTION REQUESTING EARLY TERMINATION OF
SUPERVISED RELEASE

TO THE HONORABLE COURT:

COMES NOW, the United States of America ("Government" or "United States"), by and through the undersigned attorneys, and very respectfully states and prays as follows:

I.   **Introduction**

Now before the Court is the Motion Requesting Early Termination of Supervised Release ("Motion Requesting Early Termination") of defendant, Jorge Paris-López ("Defendant"). See Docket No. 1296. The Government respectfully submits that the Motion Requesting Early Termination be denied inasmuch as, neither the conduct of the Defendant or interests of justice support discharging Defendant's remaining term of supervised release.

On February 28, 2000, after pleading guilty to a violation of 21 U.S.C. §846, Defendant was sentenced to serve an eighty-seven (87) month imprisonment term; followed by the statutory minimum five (5) year term of supervised release. See 21 U.S.C. §841(b), Docket No. 790, Exhibit A. After serving his term of imprisonment, Defendant began his term of supervised release on October 14, 2004. Based on this, the term should expire on October 14, 2009.

The Motion for Early Termination that Defendant provides that Defendant is serving his term of supervised release in the Middle District of Florida and has complied with all the conditions of

supervised release from October 14, 2004 up until the present. The motion specifically provides that Defendant submits all supervision reports on time, tests negative for drugs and is employed as a truck driver with no reported legal or community problems. Furthermore, Defendant provided a DNA sample and satisfied the Special Monetary Assessment.

Based on the above, the Motion for Early Termination requests that the Court discharge his term of supervised release.[1]

II.   **Discussion**

The above facts and underlying crime for which Defendant was sentenced do not support early discharge of Defendant's supervised release.  Title 18 of the United States Code, Section 3583(e)(1) provides that after the expiration of a year of supervised release the Court may, after considering specific factors set forth in 18 U.S.C. §3553, discharge the term of supervised release if "it is satisfied that such action is warranted by the conduct of the defendant released and in the interests of justice."[2]

It is unclear in this circuit what conduct of a defendant will warrant a discharge of supervised release, however standard compliance with the conditions imposed, without more, should be considered insufficient to support such a request. See United States v. Kay, 2007 WL 4355419, at

---

[1] The request to terminate the supervised release actually comes from his Probation Officer in the Middle District of Florida, Alerson Jaquez. As the motion is drafted, it does not appear that the U.S. Probation Office for the District of Puerto Rico has taken position on the issue.

[2] The sentencing factors set forth in section 3553 are, in relevant part: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed . . . (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; . . . (4) the kinds of sentence and the sentencing range established for– (A) the applicable category of offense committed by the applicable category of defendant. . . (5) any pertinent policy statement . . . (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

* 1 (E.D. Pa. 2007); <u>United States v. Gentile</u>, 2007 W.L. 2009779, at * 1 (D. Conn. 2007). Rather, the better approach is to require something akin to "extraordinary circumstances", "exceptionally good behavior" or "extraordinary conduct" before considering early discharge of supervised release. <u>See</u> <u>Kay</u>, 2007 W.L. 4355419, at * 1(quoting <u>United States v. Guilliatt</u>, 2005 WL 589354, at *1 (E.D. Pa. Jan. 18, 2005)); <u>Gentile</u>, 2007 W.L. 2009779, at *1. <u>See also</u> <u>United States v. Naparst</u>, 2005 W.L. 1868173, at *1 (D. N.H. Aug. 2, 2005) (noting that "defendant has gone beyond what has been demanded in pursuit of genuine personal rehabilitation").

As set forth above, Defendant has demonstrated nothing more than standard compliance with the conditions of his release. Furthermore, he was convicted for being part of a conspiracy responsible for importing multi-kilogram amounts of heroin into Puerto Rico. <u>See</u> Docket Nos. 643, Exhibit B. Based on the seriousness of this crime and absence of exceptional circumstances, there exist no grounds upon which to discharge the remaining term of supervised release at this time.

III.   **Conclusion**

For the reasons set forth above, the United States respectfully requests that the Motion for Early Termination (Docket No. 1296) be denied.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 13th day of February, 2008.

                                      ROSA EMILIA RODRÍGUEZ-VÉLEZ
                                      United States Attorney

                                      s/Charles R. Walsh
                                      Charles R. Walsh- G00514
                                      Assistant U.S. Attorney
                                      Torre Chardón Suite 1201
                                      350 Carlos Chardón Avenue.
                                      San Juan, PR 00918
                                      (787) 766-5656

**CERTIFICATE OF SERVICE**

_____I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system to notify counsel of record.

At San Juan, Puerto Rico, this 13th day of February, 2008

> s/ Charles R. Walsh
> Charles R. Walsh- G00514
> Assistant U.S. Attorney
> Torre Chardón Suite 1201
> 350 Carlos Chardón VAvenue.
> San Juan, PR 00918
> (787) 766-5656
> Charles.R.Walsh@usdoj.gov