IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO



| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Criminal No. 98-189(HL) |
| [1] JORGE PARIS-LOPEZ, | |
| Defendant. | |

## PLEA AGREEMENT

TO THE HONORABLE COURT:

COMES NOW the United States of America, by and through its attorneys, Guillermo Gil, United States Attorney for the District of Puerto Rico, Miguel A. Pereira, Assistant U.S. Attorney, Deputy Chief, Criminal Division, John Teakell, Assistant U.S. Attorney, and the defendant, Jorge Paris-Lopez, and the defendant's counsel, Roberto Odasz, Esq., and pursuant to Rule 11(e)(1)(B) of the Federal Rules of Criminal Procedure, state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

1. The defendant, Jorge Paris-Lopez, agrees to plead guilty to COUNT ONE of the Second Superseding Indictment. COUNT ONE charges the defendant with participating in a conspiracy to distribute heroin, Schedule I, Narcotic Drug Controlled Substances. All in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

2. **Penalties:**

   a. **Statutory Penalty:** The statutory penalty as to COUNT ONE of the indictment is a term of imprisonment of not less than TEN (10) years and not more than life, and, in addition to any term of incarceration, a fine of up to four million dollars ($4,000,000.00), and a term of

cf. Exhibit #1

PLEA AGREEMENT
Jorge Paris-Lopez
Criminal No. 98-189 (HL)
Page 2

supervised release of not less than five (5) years. In addition, and pursuant to Title 18, United States Code, Section 3013(a), a Special Monetary Assessment of one hundred dollars ($100.00), will be imposed as to said count of conviction. The defendant acknowledges that parole has been abolished.

3. Defendant Jorge Paris-Lopez agrees that prior to or at the time of the signing of this plea agreement, the defendant will pay the aforementioned Special Monetary Assessment totaling one hundred dollars ($100.00).

4. The defendant is aware that the Court may, pursuant to Section 5E1.2(i) of the Sentencing Guidelines Manual, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment and supervised release ordered. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately.

5. The defendant is aware that the Honorable Court may order a presentence investigation in this case. The sentencing guideline range in this case will be determined by the court pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551 through 3742, and 28 U.S.C. §§ 991 through 998. *The United States will not seek an enhancement for his role in the offense.*

6. Defendant Jorge Paris-Lopez understands that by entering into this Plea Agreement any pending motions which he has filed in the instant case will be deemed waived, and the Court will not be required to entertain the issues raised therein unless the defendant withdraw his plea under the terms of this agreement.

7. Subject to paragraphs 7 to 15 herein, and to Rule 11(e)(1)(B) of the Federal Rules of Criminal Procedure, the United States and defendant Jorge Paris-Lopez, have stipulated that for purposes of U.S.S.G. § 2D1.1, and based on defendant's participation in the conspiracy, defendant

PLEA AGREEMENT
Jorge Paris-Lopez
Criminal No. 98-189 (HL)
Page 3

is to be held responsible for the distribution of at least three (3) kilograms but less than ten (10) kilograms of heroin, that is, a base offense level of thirty-four (34). The parties further stipulate a three (3) level downward adjustment pursuant to U.S.S.G. § 3E1.1(a) for acceptance of responsibility. The parties thus stipulate that the applicable total offense level is thirty-one (31). There is no stipulation to the defendant's Criminal History Category. Based on a total offense level of thirty-one (31) and a Criminal History Category of I, the imprisonment range is one hundred and eight (108) to one hundred and thirty-five (135) months. The United States agrees to recommend one hundred and twenty (120) months of imprisonment.

8. Defendant Jorge Paris-Lopez, understands that the Court is not bound by the provisions of this plea agreement, including stipulations and calculations.

9. Whether any party has breached any provisions of this plea agreement, if contested, shall be determined by the Court in an appropriate proceeding at which the defendant's and the United States' disclosures and documentary evidence shall be admissible and at which the contested party shall be required to establish a breach of this plea agreement by a preponderance of the evidence.

10. The United States reserves the right to carry out its responsibilities for sentencing. Specifically, the United States reserves the right:

    a. To bring its version of the facts of this case, including its file and any investigative files, to the attention of the United States Probation Officer in connection with that officer's preparation of a presentence report;

    b. To dispute sentencing factors or facts material to sentencing;

PLEA AGREEMENT
Jorge Paris-Lopez
Criminal No. 98-189 (HL)
Page 4

c. To seek resolution of such factors or facts in conference with opposing counsel and the U.S. Probation Officer.

11. Defendant Jorge Paris-Lopez represents to the Court that he is satisfied with his attorney, Roberto Odasz, and indicates that attorney Odasz has rendered effective assistance. Defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. Defendant understands that the right of criminal defendants include the following:

a. If the defendant had persisted in a plea of not guilty to the charges, defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve (12) lay persons selected at random. The defendant and the defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

02-08-2008  10:33AM  FROM-US PROBATION                                T-277  P.006/010  F-253

Case 3:98-cr-00189-JAF   Document 1299-3   Filed 02/13/2008   Page 5 of 9

PLEA AGREEMENT
Jorge Paris-Lopez
Criminal No. 98-189 (HL)
Page 5

d. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

e. At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilty could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

12. The accompanying Statement of Facts signed by the defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

13. It is specifically understood by the defendant, Jorge Paris-Lopez, that this Plea Agreement does not extend to or bind other federal districts, federal civil and/or tax authorities, and/or State or Commonwealth of Puerto Rico tax authorities, civil and/or State or Commonwealth of Puerto Rico law enforcement authorities.

14. It is understood by the defendant that he is entering into this Plea Agreement without compulsion, threats, or any other promises from the United States Attorney or any of his agents. The United States and Jorge Paris-Lopez acknowledge that the above-stated terms and conditions

PLEA AGREEMENT
Jorge Paris-Lopez
Criminal No. 98-189 (HL)
Page 6

constitute the entire Plea Agreement between the parties and deny the existence of any other terms and conditions not stated herein. *The United States will not oppose the defendant's presentation of evidence, at sentencing, regarding physical [illegible margin note]*

15. No additional promises, terms or conditions will be entered unless in writing and signed by all parties. The defendant acknowledges that no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is, in fact, guilty.

GUILLERMO GIL
United States Attorney

_____
Miguel A. Pereira
Assistant U.S. Attorney
Deputy Chief, Criminal Division
Dated: 11·7·99

_____
John Teakell
Assistant U.S. Attorney
~~Deputy Chief~~, Criminal Division
Dated: 11-7-99

_____
Roberto Odasz, Esq.
Counsel for Defendant
Jorge Paris-Lopez
Dated: _____

_____
Jorge Paris-Lopez
Defendant
Dated: 11/8/99

PLEA AGREEMENT
Jorge Paris-Lopez
Criminal No. 98-189 (HL)
Page 7

 

    I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines, Policy Statements, Application, and Background Notes</u> which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I fully understand this agreement and I voluntarily agree to it.

Date: _____  
                                                                                            Jorge Paris-Lopez  
                                                                                            Defendant

    I am the attorney for the defendant, Jorge Paris-Lopez. I have fully explained to the defendant his rights with respect to the pending Second Superseding Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines, Policy Statements, Application, and Background Notes</u>, and I have fully explained to the Defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with the defendant. To my knowledge, the defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of her plea of guilty.

Date: _____  
                                                                                     Roberto Odasz, Esq.  
                                                                                     Counsel for Defendant

PLEA AGREEMENT
Jorge Paris-Lopez
Criminal No. 98-189 (HL)
Page 8

## GOVERNMENT'S VERSION OF THE FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America submits the following statement setting forth the United States' version of the facts leading to the defendant's acceptance of criminal responsibility. [Title 21, United States Code, Sections 841(a)(1) and 846.

Co-defendant Jesús Iván Sáenz-Blanco was leading a drug trafficking organization which imported heroin from Colombia, South America, via carriers, who transported the heroin in their stomachs or shoe soles, and traveled by plane or cruise ships to Puerto Rico.

Co-defendant Edna Jiménez-Velázquez (aka Enna, aka La Doña) was leading a money laundering organization which revealed and wire transferred the proceeds from the sale and distribution of narcotics in Puerto Rico. She would instruct her co-conspirators to send wire transfers under the names and in the amounts specified from Puerto Rico to places such as Colombia, South America; Barbados, St. Marteen, Florida, and others to pay for narcotics distributed by the Sáenz-Blanco drug trafficking organization.

During different times of the conspiracy, defendant Hidalgo-García and other co-defendants, among them, Edwin Cotto-Santiago, JORGE PARIS-LOPEZ, Cecilio Ceballos, Héctor Andrade-Ruiz, Pedro Martínez-Grela, and Ramón Ramírez-Benítez imported and distributed multi-kilograms amounts of heroin in Puerto Rico for its redistribution. In furtherance of the conspiracy, defendant Hidalgo-García and other co-defendants, among them, PARIS-LOPEZ, Cotto-Santiago, Andrade-Ruiz, and Luis Amarante, collected drug proceeds and delivered the same to either Multipix, Inc., (aka Phone Home) (an alleged computer and long distance call business operated by co-defendant

PLEA AGREEMENT
Jorge Paris-Lopez
Criminal No. 98-189 (HL)
Page 9

Roberto Ferrario-Pozzi), to Multi-envíos (a money remitting business operated by co-defendant Edna Jiménez-Velázquez), or other money remitting business so that the drug proceeds would be wired transferred to different countries.

In or about the end of June 1998, defendant Rafael Hidalgo-García (aka El Enano) and co-defendant JORGE PARIS-LOPEZ (aka Ito), possessed heroin for its distribution in the District of Puerto Rico. At different times during the span of the conspiracy, defendant Hidalgo-García would pick-up crew members from cruise ships at the piers in Old San Juan, who would carry the heroin for its further sale and distribution in Puerto Rico.

This version of facts does not include each and every detail of defendant's participation in these criminal activities, and does not mention every single name and role of the members of the drug trafficking as well as money laundering organization known to te defendant.

_____
John F. Teakell
Assistant U.S. Attorney
Dated: 11-7-99

_____
Roberto Odasz, Esq.
Counsel for Defendant
Dated: 11/8/99

_____
Jorge Paris-López
Defendant
Dated: 11/8/99